UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLIVER MEDINA and<br>RICHARD E. SIMPSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-CV-3263-B |
| JIK CAYMAN BAY EXCHANGE LLC,<br>JIK ARBORS LLLP, and JKT EXCHANGE<br>LLC, d/b/a JIK ARBORS OF LAS<br>COLINAS, LLC, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Oliver Medina and Richard Simpson's Motion to Remand (doc. 5), filed August 30, 2013. After review of the motion and briefing, the Court **GRANTS** Plaintiffs' Motion to Remand. Because the Court grants Plaintiffs' Motion to Remand, Defendants' Motion to Dismiss (doc.4) is **MOOT**.

### I.

### BACKGROUND

This suit arises out of an apartment fire that destroyed the homes of multiple residents, including the apartments of Plaintiffs Oliver Medina and Richard Simpson ("Plaintiffs"). Plaintiffs claim that Defendants JIK Cayman Bay Exchange LLC, JIK Arbors LLLP, and JKT Exchange LLC ("Defendants"), engaged in negligent undertaking and statutory fraud when they failed to ensure that tenants maintained $100,000 of liability insurance as required in the Plaintiffs' leases. Doc. 1,

Orig. Pet. Ex. B, at 4, 6.

The facts relevant to deciding this Motion occurred during pre-litigation communications between the parties' counsel and in the weeks following Plaintiffs' initial attempts to serve Defendants. In the months leading up to Plaintiffs' filing of their Original Petition, Defendants' counsel conferred with Plaintiffs' counsel regarding Plaintiffs' claims. Doc. 11-1, Pettis Decl. Ex. A, at 2. At the time of these initial communications, Defendants' counsel was only authorized to represent the management company for the apartment complex, JIK Properties, Inc., and had not received authority to represent Defendants. *Id.* at 2. In at least one pre-suit letter, Defendants' counsel maintained that the entity listed as the owner in Plaintiffs' leases, JIK Arbors of Las Colinas, LLC, ("JIK Arbors") was not a separate entity, but "would be considered an assumed name of JIK Properties, Inc." Doc. 11-4, Pettis Letter Ex. A-3. He also insisted that JIK Properties, Inc., was the proper defendant in this case. *Id.* In their Original Petition, however, Plaintiffs stated that they conducted a search of the assumed name records for Dallas County and found no certificate indicating that "JIK Arbors of Las Colinas, LLC" was an assumed name of JIK Properties, Inc. Doc. 1-1, Orig. Pet. Ex. B, at 2 n.1.

Plaintiffs filed suit on June 17, 2013, naming JIK Arbors as Defendant. *Id.* Unsurprisingly, there was no registered agent listed with the Texas Secretary of State for JIK Arbors. Doc. 6, Pls.' Br. 2. As such, Plaintiffs served the Texas Secretary of State as Defendants' statutory agent, who in turn forwarded the service to the address of the owner's representative, listed in Plaintiffs' leases at 1000 San Jacinto Dr., Irving, TX 75063. *Id.* at 2-3. The Texas Secretary of State received a return receipt bearing a signature, dated June 27, 2013. *Id.* at 3. On July 25, 2013, Defendants' attorney filed an answer on behalf of JIK Arbors, notifying the court that JIK Arbors was a nonexistent entity and

stating, apparently for the first time, that Defendants own the apartment complex as tenants in common. Doc. 1-1, Defs.' Answer Ex. D, at 1.

Plaintiffs subsequently filed a Motion to Show Authority in which they challenged Defendants' counsel's authority to appear on behalf of the allegedly non-existent JIK Arbors and argued that Defendants' Answer avoided revealing the actual identity of the landlord. Doc. 1-1, Mtn. to Show Authority Ex. E. On August 6, 2013, Defendants' counsel received authorization from Defendants' insurer to represent Defendants, and the parties entered into an agreement that same day that Defendants would enter the action as parties and that Defendants' counsel would accept service on behalf of Defendants. Doc. 1-1, Rule 11 Agreement Ex. F. On August 19, 2013, Defendants removed to federal court on the basis of diversity.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). Federal courts may only entertain those cases involving a question of federal law or those where parties are of diverse citizenship. 28 U.S.C. §§ 1331-1332. In diversity cases, the parties must be completely diverse, meaning that each plaintiff's citizenship must be diverse from the citizenship of each defendant. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A defendant may remove an action filed in state court to federal court only if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). District courts "must presume that

a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen*, 511 U.S. at 377). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). A defendant must file its notice of removal within 30 days after formal service of process. 28 U.S.C. § 1446(b); *Bd. of Regents of University of Texas System v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### III.

### ANALYSIS

Plaintiffs argue that Defendants' Notice of Removal was untimely because it was filed more than 30 days after Defendants received service of process. Doc. 6, Pls.' Br. 4. Plaintiffs also maintain that Defendants waived their right to remove by defending this action in state court. *Id.* at 5-6. Defendants argue that their Notice of Removal was timely filed because Plaintiffs did not properly effect service until August 6, 2013, less than 30 days before Defendants removed to federal court. Doc. 11, Defs.' Resp. 8. Specifically, Defendants maintain that Plaintiffs did not plead sufficient facts to establish that the Texas Secretary of State was a proper agent for service and that the evidence of actual receipt of the process before August 6, 2013, is insufficient. *Id.* at 10, 12-14. Defendants also deny that their activities in the state court waived their right to removal. *Id.* at 16-18.

Under 28 U.S.C. § 1446(b)(1), a defendant must file notice of removal within thirty days of receiving (1) formal service of process and (2) actual notice. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Barrackman v. Banister*, No. 06-CV-3622, 2007 WL 189378, at *1 (S.D. Tex. Jan. 22, 2007). Though the removal inquiry is a matter of federal law,

"service of process" is defined by state law. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). As to notice, courts generally agree that the thirty-day period for removal begins after receipt by the named defendant of the complaint and not simply after service on the statutory agent. *See Barrackman*, 2007 WL 189378, at *1; *Med. Staffing Network, Inc. v. Health Care Capital Inc.*, No. 04-CV-0794-B, 2004 WL 2626541, at *1 (N.D. Tex. Nov. 16, 2004).

*A. Formal Process*

The parties disagree whether Plaintiffs pled sufficient facts in their petition to establish a basis for service of process on the Texas Secretary of State. They also present questions as to whether service on the Secretary of State was proper or whether some other agent should have been served, and whether service was invalid because it named the nonexistent JIK Arbors as the defendant and not Defendants.

    1.    Sufficiency of Plaintiffs' Pleadings

Under Texas law, formal service of process is possible through the Texas Secretary of State as a statutory agent. Tex. Bus. Orgs. Code Ann. § 5.251. The Texas Secretary of State is properly served as an entity's agent for service of process if an entity fails to appoint or maintain a registered agent in Texas or if the entity's registered agent cannot with reasonable diligence be found at the registered office of the entity. *Id.* § 5.251(1). The Secretary is also the proper agent for service of process if the entity is a foreign filing entity that transacts business in the state without being registered, as is required under Chapter 9 of the Texas Business Organizations Code. *Id.* § 5.251(2). A "filing entity" includes "a domestic entity that is a corporation, limited partnership, limited liability company, professional association, cooperative, or real estate investment trust." *Id.* § 1.002(22). A "foreign filing entity" is "a foreign entity, other than a foreign limited liability partnership, that

registers or is required to register as a foreign entity under Chapter 9." *Id.* § 1.002(29).

Defendants maintain that in order to comply with the statutory requirements for substitute service on the Secretary of State, Plaintiffs had to affirmatively plead that Defendants were either "filing entities" or "foreign filing entities." Doc. 11, Defs.' Resp. 13. Defendants further maintain that, because Defendants are in fact foreign filing entities, Plaintiffs were also required to plead either that the Defendants' registration had been revoked or that they were "transacting business" in Texas. Tex. Bus. Orgs. Code Ann. § 5.251(2). Plaintiffs insist that Defendants' argument would hold them to an impossible standard because Defendants neither registered under the name they gave in the Plaintiffs' leases, nor did they ever inform the tenants of the owners' real names. Doc. 13, Pls.' Reply 4.

Defendants' interpretation of Texas law regarding the sufficiency of pleadings for substitute service on the Secretary of State seems excessively rigid given the circumstances of this case. While Defendants argue that Texas law requires strict compliance with the Texas rules on service, and thus required Plaintiffs to plead every element of § 5.251 for service on the Secretary of State, Defendants support this argument exclusively with cases in which Texas courts have entertained challenges to default judgments. Doc. 11, Defs.' Resp. 11-12. Neither party presents any case law or argument to show how these holdings apply to non-default judgment cases such as this one, but there is some Texas case law to indicate that the requirements for pleading in non-default judgment cases are not as particular as those in default judgment cases. *Collins v. Mize*, 447 S.W.2d 674, 675 (Tex. 1969) (applying a less stringent standard for pleading in a non-default judgment case to determine that service upon the Texas Secretary of State was appropriate); *Rosemont Enterprises v. Lummis*, 596 S.W.2d 916, 919-920 (Tex. Civ. App.–Houston [14th. Dist.] 1980, no writ) (citing *Collins* and

finding that amended petitions and other documents in the record provided the allegations missing in the original petition so as to allow substitute service on the Secretary of State). In any event, Defendants' argument essentially amounts to a claim that Plaintiffs are required to use specific "magic words" when pleading facts to show that the Secretary of State is the proper agent for service of process. Doc. 11, Defs.' Resp. 13-14. But even in default judgment cases, Texas courts do not uniformly require the pleading of magic words in order to establish a basis for service on the Secretary of State. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965) (finding that allegations in a pleading that a party resided in California and executed and delivered to the other party a "note payable to the order of plaintiff" was sufficient to show that a party was a nonresident and that she was doing business in Texas); *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex. App.–Fort Worth 1990, no writ) (finding that plaintiffs were not required to use "magic words" in their complaint and that the Court could instead screen the record to factually determine the home address of a defendants served under Tex. Civ. Prac. & Rem. Code Ann. § 17.045); *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848, 849 n.1 (Tex. 2007) (citing *Mahon* and holding that "if nothing on the face of the *record* shows the forwarding address was the defendant's 'home or home office,' the courts of appeals are unanimous that a default judgment cannot survive a restricted appeal.") (emphasis added) *but see Mobilevision Imaging Services, LLC v. LifeCare Hospitals of North Texas, LP*, 260 S.W.3d 561, 566 (Tex. App.–Dallas 2008, no pet.) (holding that the strict compliance standard requires very close adherence to the language of the long-arm statute and that the Court would not be allowed to indulge in inferences to determine if the plaintiff sufficiently pled jurisdictional facts). Accordingly, while it is unclear what precisely Plaintiffs must plead in order to establish a basis for service on the Secretary of State, it seems clear that they do not need to use

"magic words" to establish such a basis, especially in a non-default judgment case.

Plaintiffs' pleadings here would be sufficient to make out a basis for service on the Secretary of State under Texas Business Organizations Code § 5.251(1). To the extent that they must plead that Defendants are a "foreign filing entity," Plaintiffs pled that Defendants are a "foreign limited liability company" and that Defendants "do not have a registered agent listed with the Texas Secretary of State." Doc. 1-1, Orig. Pet. Ex. B, at 2. As to Defendants' assertions that Plaintiffs also had to plead that Defendants "transact business" in Texas, Plaintiffs have sufficiently pled this fact by alleging that Defendants entered into lease agreements with them in Texas. *Id.* at 3. Plaintiffs therefore were able to establish a sufficient basis for finding that Defendants had an obligation, yet failed, to maintain a registered agent as a foreign filing entity, and that service on the Secretary of State was therefore a proper procedure for serving Defendants under § 5.251.[1] Accordingly, the pleadings were sufficient to satisfy the Texas requirements for pleading such that the Defendants, if otherwise properly served, would have been required to remove the cause of action from state court within 30 days of the initial receipt of service.

---

[1] The fact that Plaintiffs made broad allegations that JIK Arbors was either a domestic or foreign entity does not change the Court's conclusion in light of the Defendants' failure to clarify who the proper defendants were in pre-litigation communications. Even if Defendants' counsel was not authorized to represent Defendants prior to August 6, 2013, he could have notified Plaintiffs of Defendants' proper identity prior to the suit so as to avoid the confusion that led Plaintiffs to sue JIK Arbors. Defendants' counsel's representations that JIK properties, Inc., was responsible for executing the lease agreements with Plaintiffs, and that JIK Arbors was an assumed name only further added to the confusion surrounding the identity of the proper defendants in this case when Plaintiffs were unable to find an assumed name certificate on record in Dallas County. Doc. 11-4, Pettis Letter A-3. Plaintiffs consequently hesitated to sue JIK Properties, Inc., because they apparently intended to sue the landlord of the apartment complex and not the management company, *see* docs. 11-4, Pettis Letter Ex. A-3; 1-1, Orig. Pet. Ex. B, at 3; 1-1, Mtn. to Show Authority Ex. E, at 1-2, and so they pled what they knew in the face of uncertainty. These facts contained sufficient allegations to establish a basis for service through the Secretary of State, and to hold that they were somehow deficient would allow Defendants to profit from confusion they created, enabling them to delay the removal clock to their own benefit without evidence in the record that they were somehow disadvantaged by Plaintiffs' otherwise adequate pleadings.

### 2. Proper Service Procedure and Assumed Name

The parties present various arguments beyond the sufficiency of Plaintiffs' pleadings in order to establish that service either was or was not valid. Even with adequate allegations in Plaintiffs' petition, any defect that prevents formal service of process from being rendered according to state law could prevent the 30-day time period for removal from running. *Bd. of Regents of University of Texas System*, 478 F.3d at 278 (citing *Murphy Bros.*, 526 U.S. at 347-48); *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels"). The parties' arguments for and against proper service boil down to two specific issues: (1) whether the Secretary of State was the proper agent for service in this case, and (2) whether serving JIK Arbors, the named defendant in this suit and a nonexistent entity, was sufficient to make Defendants parties to this case when they were first served.

With regards to this first argument, Texas law provides specific guidance on who will serve as an agent for purposes of service "[i]n a lawsuit by a tenant under either a written or oral lease for a dwelling or in a suit to enforce a legal obligation of the owner as landlord of the dwelling." Tex. Prop. Code Ann. § 92.003(a). If the tenant receives notice of the name and business street address of the dwelling's management company, then the management company is the owner's "sole agent" for service of process. *Id.* § 92.003(b). Should the tenant not receive such notice, then either the management company, on-premises manager, or rent collector can serve as the owner's "authorized agent" for service, unless the owner's name and business street address have been provided to the tenant. *Id.* § 92.003(c). The statute does not mention the Secretary of State or acknowledge whether the Secretary could be served as a statutory agent in cases that fall within the statute's ambit.

While § 92.003 could raise questions as to the propriety of substitute service on the Secretary of State in some landlord-tenant disputes, the Court finds that it does not do so here for at least two reasons. First, Defendants do not advance any argument to show that § 92.003 rendered Plaintiffs' service on the Secretary of State invalid or that the statute preempts service on the Secretary of State. Thus, the arguments are effectively waived. Second, the record does not reveal that § 92.003 clearly applied in this case. Specifically, while Plaintiffs were notified in writing that JIK Properties, Inc., was the management company for their apartment complex, there is no clear evidence that they ever knew the business address for JIK Properties, Inc. The only way that one could conclude that Plaintiffs did have notice of JIK Properties, Inc.'s business address is by inferring that because Defendants' counsel represented to Plaintiffs that JIK Arbors was an assumed name of JIK Properties, any written notice of an address for JIK Arbors or its representative was also notice of JIK Properties, Inc.'s business address. If one were to follow this reasoning, then Plaintiffs would be deemed to have received written notice of JIK Properties, Inc.'s business address in their leases, where there is an address listed for JIK Arbors' "representative." Doc. 1-1, Lease Agreement, at 6. This line of reasoning is unconvincing, however, because the address in the lease was never clearly identified as the business address for JIK Properties, Inc., and the name of the management company and the address were not provided in a single notice, which seems to be what the statute envisions. Tex. Prop. Code Ann. § 92.003(b). Thus, while § 92.003(b) could preempt service on the Secretary of State in some circumstances, it does not apply to the exclusion of the Secretary of State as the agent for service of process in this case. Furthermore, because § 92.003(c) only makes the management company, manager, or rent collector "authorized agents" when § 92.003(b) does not apply, it is not

clear whether the statute absolutely precludes service on the Secretary of State.[2] Service on the Secretary of State was therefore a proper means of serving Defendants in this case.

Defendants also argue that they were improperly named in this suit, and were therefore not proper defendants until August 6, 2013, when their attorney was first given the authority to and did receive formal service. Doc. Defs.' Resp. 16. But a party may be sued under an assumed name without the service being deemed defective. Tex. R. Civ. P. 28; *Northwest Sign. Co. v. Jack H. Brown & Co.*, 680 S.W.2d 808, 809 (Tex. 1984) (reversing appellate court's judgment and finding that service was proper when a corporation was sued in its assumed name and service was had upon its registered agent). In order to take advantage of Rule 28, however, a party must show that the named entity actually did business under an assumed name. *Seidler v. Morgan*, 277 S.W.3d 549, 553 (Tex. App.–Texarkana 2009, pet denied). While an entity that regularly conducts business under an assumed name generally must file an assumed name certificate pursuant to Tex. Bus. Orgs. Code § 71.101, "when evidence shows an entity is doing business under another name, it may be held liable under that name without regard to whether it filed an assumed name certificate." *Broemer v. Houston Lawyer Referral Service*, 407 S.W.3d 477, 482 (Tex. App.–Houston [14th Dist.] 2013, no writ).

---

[2]Indeed, § 92.003(c) states that if § 92.003(b) does not apply, then the management company, manager, or rent collector are authorized agents "unless the owner's name and business street address have been furnished in writing to the tenant." This language suggests that service on anyone other than the owner would be inappropriate if the owner's name and address have been furnished to the tenant. Defendants have represented that they jointly do business as JIK Arbors, and that was the name that they listed in the leases they executed with tenants, along with an address for notice purposes. Docs. 1, Not. of Removal 1; 1-1, Lease Agreement, at 6. Although the Court does not decide that this notice in the lease required Plaintiffs to serve Defendants as they did, it acknowledges that there is an argument to be made that § 92.003(c) actually required them to serve Defendants directly, or through the Secretary of State if Defendants failed to maintain a registered agent in the state. At the least, the Court recognizes that the statute does not touch on a situation such as the one presented here and would seem to permit for service on the Secretary of State in the event that an owner did not retain a registered agent on file with the Secretary.

The Court determines that the evidence is sufficient here to show that Defendants were doing business as JIK Arbors. Indeed, Defendants state twice in their Notice of Removal and once in their Amended Answer that they were "jointly doing business as JIK Arbors of Las Colinas, LLC," an assertion that was reiterated in the affidavit of their counsel, Amos Pettis. Docs. 1, Not. of Removal 1, 2 n.1; 11-1, Pettis Decl. Ex. A, at 1; 1-1, Amended Answer Ex. G, at 1. JIK Arbors was also the name listed for the owners on Plaintiffs' individual leases. Docs. 6, Pls.' Br. 1; 1-1, Lease Agreement, at 1. Defendants do not submit evidence that directly shows that they did not conduct business as JIK Arbors. They do submit evidence, however, to show that the use of the name JIK Arbors on Plaintiffs' leases was a mere scrivener's error. They specifically submit the declaration of Stephan Braun, a limited partner of Defendant JIK Arbors LLP, who states that the use of JIK Arbors was a typographical error. Docs. 1, Not. of Removal 3; 11-5, Braun Decl. Ex. B, at 1. Although it is a close question, this evidence, in addition to Defendants' inconsistent positions on the issue, only manages to create doubt and ambiguity with regards to whether Defendants were doing business as JIK Arbors, and, as noted above, all doubts must be resolved against removal. *Acuna*, 200 F.3d at 339. The Court determines that the evidence is sufficient to show that Defendants were doing business as JIK Arbors, and that service was proper when the petition named Defendants under their assumed name.[3]

---

[3]Although the Court does not decide this case on the basis of misnomer, a recent misnomer case is at least instructive given its similar circumstances. In *I.D. Technology, LLC v. Paul Leibinger Numbering Machine LP*, No, 3:12-CV-2646-B, 2013 WL 105361 (N.D. Tex. Jan. 8, 2013), this Court held that the removal clock began to run when the plaintiff filed its original petition in which it misnamed the defendant as Leibinger USA. *Id.* at *3. This Court noted as especially significant in that case the fact that the defendant's counsel stated in a letter that it represented "Leibinger USA," even though the defendant's name was actually "Paul Leibinger Numbering Machine Limited Partnership." *Id.* at *1.

Here, Defendants' confusing representations similarly led Plaintiffs to use the assumed name JIK Arbors when initially naming the defendant in this case. Defendants' counsel indicated that JIK Arbors was an assumed name for JIK Properties, Inc., and that JIK Properties, Inc., had executed the lease agreements

*B. Actual Notice*

It is not sufficient for Plaintiffs to merely show that they formally served Defendants; they must also show that Defendants had actual notice of the suit in order for the removal deadline to begin to run. *Barrackman v. Banister*, 2007 WL 189378, at *1. Although the burden is on Plaintiffs to show that service was valid, *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990), it is Defendants' burden to show that removal is proper. *Burton v. Continental Cas. Co.*, 431 F. Supp. 2d 651, 655 (S.D. Miss. 2006) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Accordingly, while Plaintiffs must submit sufficient evidence to show that they properly served Defendants, Defendants must also present evidence to demonstrate when they received actual receipt of the summons and complaint, if at all, in order to demonstrate when the removal clock began to run. *Id.*

Plaintiffs submit evidence to show that the Secretary of State was served on June 24, 2013, and that a copy of the petition and summons were sent to JIK Arbors on June 25, 2013, at the address listed for JIK Arbors in Plaintiffs' leases. Doc. 6-2, Sec'y of State Letter Ex. B. The evidence further shows that on June 27, 2012, the Secretary of State received the return receipt "bearing signature." *Id.* Plaintiffs also point out that while Defendants maintain that they never received

---

with Plaintiffs, yet there was no assumed name certificate on record to verify these assertions. Doc. 11-4, Pettis Letter Ex. A-3; 1-1, Orig. Pet. Ex. B, at 2 n.1. Defendants also admit that they indicated in a number of leases that JIK Arbors was the owner of the apartment complex. Doc. 11, Defs.' Resp. 2. As Plaintiffs' pleadings show, however, they wished to serve their landlord, not the complex's management company, and because of the confusion that Defendants' representations created, Plaintiffs elected to serve JIK Arbors at the owner's address as it was listed in their leases. *See* Docs. 1-1, Orig. Pet Ex. B, at 2 n.1; 1-1, Mtn. to Show Authority Ex. E, at 2. Even if Plaintiffs were uncertain at the time whether JIK Arbors was the assumed name for Defendants, naming JIK Arbors as defendant was sufficient because Defendants received actual notice of the suit through this service and have stated, albeit inconsistently, that JIK Arbors is their assumed name. Docs. 1, Not. of Removal 1-2; 11-4, Pettis Decl. Ex. A, at 1; 1-1, Amended Answer Ex. G, at 1. The use of the name JIK Arbors in Plaintiffs' Original Petition therefore did not render service invalid, and the time for removal began to run on June 27, 2013, when Defendants were initially served.

actual notice from this initial service, they responded to the Original Petition without objection on July 25, 2013. Doc. 13, Pls.' Reply 5. Defendants counter that some "signature" by an unknown party is not enough to indicate actual notice. Doc. 11, Defs.' Resp. 10. Significantly, however, Defendants do not identify when they actually received notice of the suit. Because evidence in the record actually shows that service was made at the place identified by the owners in the lease as the location for notice and was returned with signature, and because Defendants later responded to that suit without any evidence of further communication between the parties, the Court finds that the evidence is sufficient to show that Defendants actually received notice of the suit on June 27, 2013, when they received a copy of the complaint and summons from the Secretary of State.

For the foregoing reasons, the Court finds that the Defendants were formally served and received actual notice of this suit on June 27, 2013, more than 30 days prior to this case's removal.[4] Defendants' subsequent removal of this suit to federal court more than 30 days after service was improper and this case should therefore be remanded to state court. *Chamberlain v. Amrep, Inc.*, No. 3:04-CV-1776-B, 2004 WL 2624676, at *1 (N.D. Tex. Nov. 18, 2004) ("Failure to remove the case within the thirty day period will result in remand, should the plaintiff object.").

C. *Attorney's Fees*

Plaintiffs also move for costs and expenses, including attorney's fees, on the grounds that removal was wrongful. Doc. 5, Pls.' Mtn. to Remand 2. A court upon remand may require payment

---

[4]Because the Court decides this case on the grounds that Defendants' Notice of Removal was untimely, it does not reach Defendants' argument that the citizenship of a fictitious entity should not be considered for diversity purposes or Plaintiffs' argument that Defendants waived their right to remove. The Court is also careful to note that it is not deciding that the Defendants were provided informal notice through their counsel's receipt of a courtesy copy of the Original Petition. Doc. 11, Defs.' Resp. 15. Rather, the Court finds that the Plaintiffs followed a proper procedure when first serving Defendants and that Defendants received actual notice such that the removal clock began to run on June 27, 2013.

of just costs and actual expenses as a result of removal. 28 U.S.C. § 1447(c). Such a reward is proper where there is no objectively reasonable basis for seeking removal. *Kinder Morgan Liquids Terminals, LLC v. Ponns & Co., Inc.*, No. CIV A H-06-3225, 2006 WL 3691192, at *2 (S.D. Tex. Dec. 12, 2006). Given the complexity of Texas law regarding service of process under these circumstances, the Court cannot conclude that Defendants had no reasonable basis for seeking removal. Accordingly, it **DENIES** Plaintiffs' request for costs and expenses.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**. The Court **REMANDS** this case to County Court at Law No. 5, Dallas County, Texas. Because the Court remands this case to state court, the Defendants' Motion to Dismiss is **MOOT**.

SO ORDERED.

SIGNED March 7, 2014

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**